UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-21499-UU

CTP INNOVATIONS, LLC,
a Delaware limited liability company,

        Plaintiff,

v.

SOLO PRINTING, INC.,
a Florida corporation,

        Defendant.

_____/

## DEFENDANT SOLO PRINTING, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE FOR PRETRIAL PURPOSES

Defendant, Solo Printing, Inc.'s ("Solo Printing"), by and through its undersigned counsel, hereby submits its Opposition to Plaintiff, CTP Innovations, LLC's ("CTP") Motion to Consolidate for Pretrial Purposes [D.E. 32] and states as follows:

## I.    INTRODUCTION.

CTP seeks to consolidate six (6) actions pending before four (4) different Judges in the Southern District of Florida "for pretrial purposes, including discovery, claim construction, and dispositive motions." The actions at issue, in order of their filing date, are:

- *CTP Innovations, Inc. v. Worldwide Tickets & Labels, Inc.*, Case No. 9:14-cv-80556-PAS, filed April 24, 2014;

- *CTP Innovations, Inc. v. Rex Three, Inc.*, Case No. 0:14-cv-60992-BB, filed April 25, 2014;

- *CTP Innovations, Inc. v. Original Impressions, Inc.*, Case No. 1:14-cv-21498-PAS, filed April 25, 2014;

- *CTP Innovations, Inc. v. Solo Printing, Inc.*, Case No. 1:14-cv-21499-UU, filed April 25, 2014;

- *CTP Innovations, Inc. v. Southeastern Printing Company, Inc.*, Case No. 2:14-cv-14175-PAS, filed April 25, 2014; and

- *CTP Innovations, Inc. v. Franklin-Dodd Communications, LLC, et al.*, Case No. 1:14-cv-21518-DPG, filed April 29, 2014.

In support thereof, CTP argues consolidation will serve the interests of efficiency and judicial economy.[1]  For the reasons set forth below, consolidation is neither available nor warranted under the circumstances.  The actions sought to be consolidated are not before the same Judge, individual issue predominate over any purported benefit of consolidation, and Solo Printing would be unfairly prejudiced by consolidation.

## II.   ARGUMENT.

### A.   Consolidation is Not Possible Where Actions Are Pending before Different Judges.

First and foremost, the relief requested is technically impossible since the actions are not all pending before the same Judge.  While three of the actions are pending before the same Judge, the other three actions are each pending before a different Judge.[2]

In its motion, CTP references Internal Operating Procedure 2.15.00(C) which provides:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if

---

[1]   Solo Printing questions CTP's purported, newfound interest in promoting efficiency and preservation of judicial resources in light of its fervent opposition to stay these same proceedings while the United States Patent and Trademark Office ("USPTO) considers third party *inter partes* reexamination requests which, if granted, may have a substantial effect on all stages of these proceedings, including pretrial discovery, claims construction and dispositive motions.

[2]   The *Worldwide Tickets & Labels*, *Original Impressions* and *Southeastern Printing Company* actions are all pending before the Honorable Judge Seitz; the *Rex Three* action is pending before the Honorable Judge Bloom; the *Solo Printing* action is pending before the Honorable Judge Ungaro; and the *Franklin-Dodd Communications* action is pending before the Honorable Judge Gayles.

> heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned.

However, this section is inapplicable to the pending motion as CTP neither requests transfer of the later filed actions nor does CTP make any effort to show that transfer is appropriate.  Until such time as CTP makes such a request and showing, it is impossible to provide CTP the relief requested, *i.e.*, the consolidation for pretrial purposes of the six actions at issue.

Moreover, even if all of the actions were pending before the same Judge, the scope of consolidation sought by CTP would be inappropriate for the additional reasons set forth below.

**B.    Inconvenience and Prejudice to Solo Printing Outweighs Any Alleged Benefits of Consolidation.**

Federal Rule of Civil Procedure 42(a), which describes a district court's authority to consolidate actions, states as follows:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The rule delineates the inherent power and discretion of the district court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos–Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades,* 549 F.2d 1006, 1012 (5th Cir. 1977)).  While a district court's decision under Rule 42(a) is discretionary, in exercising this discretion, the court must determine:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single

3

> one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Hendrix,* 776 F.2d at 1495 (citing *Arnold v. E. Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982)) (alteration in original).  Consolidation is not justified or required simply because the actions *include* a common question of fact or law.  *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985).  Rather, when cases involve some common issues but individual issues predominate, consolidation should be denied.  *Id.*

In the present cases, even with respect to the purportedly limited issues of pretrial discovery, claims construction and dispositive motions, individual issues will necessarily predominate over any purported common issues.  Each of the Defendants identified in the six co-pending cases in this jurisdiction are competitors with different products, services, and technologies.  Because of these differences, purported efficiencies resulting from pretrial consolidation are speculative at best and, more likely, will result in additional burdens for the Court and result in inconvenience and prejudice to these Defendants.

For example, in light of the different products and services provided by the respective Defendants, there will undoubtedly be different documents, technical drawings, and witnesses solicited from each of the respective Defendants.  *See Body Science LLC v. Boston Scientific Corp.*, 846 F. Supp. 2d 980, 990-91 (N.D. Ill. 2012) (while recognizing that common questions of fact or law exist, holding consolidation would not promote judicial economy or efficiency in light of the differences in discovery anticipated amongst the different defendants); *C.R. Bard, Inc. v. Medical Components, Inc.*, 2012 WL 3060105 (D. Utah Jul. 25, 2012) (finding defendants' argument persuasive that consolidation improper where, *inter alia*, defendants would have different witnesses and document productions).

4

Similarly, the differences in the products and services provided by the respective Defendants will necessarily result in differences of focus by each of the Defendants during the claims construction process.  This will likely result not only in differences in the claim terms sought to be construed by the various Defendants, but also differences in discovery of CTP by the respective Defendants with respect to those terms.  *See C.R. Bard, Inc.*, 2012 WL 3060105 (finding defendants' argument persuasive that consolidation improper where, *inter alia*, defendants and their products were not identical and may take different positions on discovery issues and claims construction).

Moreover, CTP's request is so overbroad it would encompass consolidation of pretrial discovery and dispositive motions on the issue of infringement, which will undoubtedly be specifically tailored for each Defendant.  There is no reasonable basis for CTP to argue that acts of alleged infringement by one Defendant are in any way related to any other Defendant's alleged acts of infringement.

Furthermore, because each of the respective Defendants are competitors, issues of confidentiality and protection against disclosure of each Defendants' trade secrets and proprietary business methods during the course of pretrial discovery and proceedings will be implicated.  *See C.R. Bard, Inc.* 2012 WL 3060105 (finding defendants' argument persuasive that consolidation improper where, *inter alia*, defendants were competitors and may have to provide sensitive information which would complicate discovery).

While CTP touts the manta of consolidation, *i.e.*, that it will serve the interests of efficient and judicial economy, in reality CTP's purported benefits are speculative at best and do not overcome the additional burdens and difficulties which will inevitably arise in light of the numerous issues which would be present in a consolidated action between different defendants

with different products.  Conversely, the risk of prejudice and harm to Solo Printing by consolidation is very real and determinate.

For instance, it is anticipated that in a pretrial consolidate action CTP will seek to limit the number of depositions and amount of deposition time allotted to each of the Defendants. This would be highly prejudicial to each Defendant.  Solo Printing can easily anticipate needing an entire day of deposition testimony from the named inventors and from a corporate representative of CTP to explore such contentious issues as infringement, claim construction, validity, and enforceability.  Solo Printing can also anticipate needing a full day of deposition testimony from any experts proffered by CTP on the issues important solely to Solo Printing. Moreover, in light of the differing technologies used by the various Defendants, it is reasonable to anticipate that the Defendants will have different and competing interests in the number and identity of deponents to be deposed in a consolidated pretrial proceeding.  Solo Printing should not be limited to less than the amount of time and number of depositions contemplated under the Federal Rules of Civil Procedure merely because CTP has sued more than one Defendant in this District.

Similarly, in light of the differing technologies used by the various Defendants, it is reasonable to anticipate that the Defendants will have different interests during the claims construction process.  Any limits on the number of claim terms to be construed during the *Markman* proceedings, as well as any page restrictions on briefs submitted in support thereof or time limits during the presentation of oral argument in support thereof, would be highly prejudicial to Solo Printing as it may effectively be precluded from adequately addressing terms it feels are key to its defenses in this action.  Conversely, although claim construction hearings will be necessary, to the extent that the subject matter of those hearings overlap, the Judges

6

presiding over the respective cases may easily be made aware of relevant prior rulings, and they may choose to accept or reject prior rulings as they see fit.  The same is true for other motions, dispositive or otherwise.

Moreover, it is reasonable to anticipate the Defendants will have different theories relating to invalidity and/or unenforceability of the patents-in-suit.  Any pages limits on dispositive motions concerning these topics, as well as limits on discovery in support thereof or, if provided, the time for oral argument in support thereof, would, again, be highly prejudicial to Solo Printing

Furthermore, in a pretrial consolidated action, Solo Printing would be obligated to participate in—and incur increased legal costs associated with—discovery related to the other Defendants in this action, as opposed to solely its own case, or risk potential waiver of rights later by non-participation.  In sum, it is readily apparent that consolidation will result in real harm and prejudice to Solo Printing.  As such, consolidation is not proper and CTP's motion should be denied.

### C.      CTP's Own Supporting Authority Warrants Denial of the Motion.

Interestingly, CTP cites approvingly the decision of *C.R. Bard, Inc.*, 2012 WL 3060105. In *C.R. Bard*, the Court was faced with a comparable procedural situation to that present here, *i.e.*, a plaintiff seeking to consolidate for pretrial purposes actions against multiple, independent defendants, as well as the issue of whether to stay proceedings pending a *inter partes* reexamination petition.  The defendants opposed the motion to consolidate on the following grounds: (1) consolidation would reduce efficiency because the defendants and their products were not identical, the defendants may take different positions on discovery issues, claims construction, etc., and the defendants would have different witnesses and document productions;

7

and (2) the defendants were competitors and may have to provide sensitive information which would complicate consolidated discovery. *Id.*

The court found the defendants' arguments against pretrial consolidation persuasive and denied the plaintiff's motion in light of, *inter alia*, the fact that the defendants "constitute[d] separate entities and market competitors each producing separate products." *Id.* The court further noted that while some questions of law and fact may overlap, the extent of any such overlap was "largely speculative" and would not likely predominate over the individual issues identified by the defendants. *Id.*

While the court did reserve the right to reconsider its decision following some discovery for the limited purpose of claims construction, no such reconsideration has yet taken place as the action has been stayed pending the USPTO's reexamination of the patents-at-issue.

## D. Solo Printing Would Not Object to Limited Consolidation on Terms Which Address Its Prejudice Concerns.

Notwithstanding the foregoing, Solo Printing can envision a scenario under which limited consolidation is possible which would not result in the prejudicial harm imposed by CTP's blanket request for consolidation. Subject to the Court's approval, Solo Printing would not object if:

- The cases would be assigned to a single District Judge and Magistrate Judge.

- The Court would conduct a consolidated claim construction hearing. Each Defendant would be permitted to take its own claim construction positions and to file its own claim construction briefing. There will be only one claim construction hearing and the Court will issue a single order on claim construction that covers all of the cases.

- The cases would be subject to a single set of case deadlines for pretrial proceedings, including claim construction briefing, the claim construction hearing, expert reports, close of discovery, and dispositive motions. The parties would work together to prepare a joint Rule 26(f) report in this regard.

- Any existing scheduling orders entered in the various cases would be vacated and the Court would issue a new Order setting a date for joint Rule 26(f) planning conference, and a joint Rule 16(b) Pretrial Conference for all parties in all six cases. In advance of the Joint Rule 16(b) Pretrial Conference, all parties would submit a joint Rule 26(f) discovery plan based on an agreement for pretrial consolidation.

- To minimize any undue prejudice, the parties would be permitted a reasonable and adequate extended discovery period to complete fact and expert discovery given that more parties will be involved in the discovery process and coordinating discovery amongst multiple parties will present challenges, particularly with scheduling.

- The parties would work together in good faith to find the most efficient and least burdensome way to handle depositions. Reasonable and good faith accommodations would be made with respect to depositions so that all defendant parties would have an adequate opportunity to depose the witnesses that are necessary to their case, including but not limited to, third party depositions.

- Each Defendant would be afforded the standard number of depositions and amount of deposition time per deponent as contemplated by the Federal Rules of Civil Procedure. CTP would consent to the extended examination of its corporate representative(s), expert witness(es) and the named inventors top allow the Defendants adequate time to prepare their case.

9

- The cases would be subject to separate dispositive motions and separate hearings on such motions and other pretrial hearings unless the parties otherwise agree.

While the foregoing conditions do not obviate all of the harms inherent in a blanket pretrial consolidation of the actions at issue, there are sufficient safeguards in place to offset the continuing harms such that Solo Printing could still effectively defend itself under such a scenario.

## III.   CONCLUSION.

WHEREFORE, Solo Printing respectfully moves the Court to deny CTP's request for a blanket, pretrial consolidation of the actions at issue.  Solo Printing does not oppose, however, a more limited consolidation of pretrial activities under the conditions set forth above.

Dated:  August 21, 2014                          Respectfully submitted,

**Feldman Gale, P.A.**
One Biscayne Tower, Suite 3000
Two South Biscayne Boulevard
Miami, FL 33131
Telephone No.  (305) 358-5001
Facsimile No.  (305) 358-3309

By:  s/ *Richard Guerra*
            Richard Guerra
            Florida Bar No. 689521
            Email: rguerra@feldmangale.com
            Rafael Perez-Pineiro
            Florida Bar No. 543101
            Email:  rperez@feldmangale.com

**Quintana & Associates, P.A.**
J. Luis Quintana
Florida Bar No. 768987
Email: jlq@quintanalawfirm.com
338 Minorca Avenue
Coral Gables, FL 33134
Telephone No.  (305) 446-0300
Facsimile No.  (305) 446-2070

*Counsel for Defendant Solo Printing, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 21, 2014, the foregoing document is being served this

day on all counsel of record or pro se parties identified below in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized

manner for those counsel or parties not authorized to receive electronically Notices of Electronic

Filing.

                              s/ *Richard Guerra*
                              Richard Guerra

11

**SERVICE LIST**
*CTP Innovations, LLC v. Solo Printing, Inc.*
**Case No.: 14-CV-21499-UU**
**United States District Court, Southern District of Florida**

**Baker, Donelson, Bearman,**
**Caldwell & Berkowitz, P.C.**
Marisa Rosen
E-mail: mrosen@bakerdonelson.com
SunTrust Center
200 South Orange Avenue
P.O. Box 1549
Orlando, FL 32802
Telephone No.  (407) 422-6600
Facsimile No.  (407) 841-0325

**Baker, Donelson, Bearman,**
**Caldwell & Berkowitz, P.C.**
Samuel F. Miller
E-mail: smiller@bakerdonelson.com
Baker Donelson Center, Suite 800
Nashville, TN 37201
Telephone No. (615) 726-5594
Facsimile No. (615) 744-5594

*Counsel for Plaintiff*